11-3367-cv
Bertino v. Town of Greenwich

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

FRANK BERTINO,

> *Plaintiff-Appellant*,

> v.                                                                11-3367-cv

TOWN OF GREENWICH, DANIEL A. HENDRIE, OFFICER, JAMES HEAVEY, LIEUTENANT, JOHN KING, OFFICER, ERIC W. SCORCA, OFFICER,

> *Defendants-Appellees*,

JAMES A. WALTERS, CHIEF,

> *Defendant*.

_____


Appearing for Appellant:          Frank Bertino, *pro se*, Cos Cob, CT.

Appearing for Appellees:     Keith P. Sturges, Goldstein and Peck, P.C., Bridgeport, CT
(William J. Kupinse, Jr., Goldstein and Peck, P.C.,
Bridgeport, CT, Valerie Maze Keeney, Town of Greenwich
Law Department, Greenwich, CT, *on the brief*).

Appeal from a judgment of the United States District Court for the District of
Connecticut (Chatigny, *J.*, Martinez, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Frank Bertino appeals from the district court's judgment, entered after a jury
trial, finding defendants not liable as to his excessive force claim under 42 U.S.C. § 1983. We
assume the parties' familiarity with the underlying facts, the procedural history of the case, and
the issues on appeal.

With respect to Bertino's claim that police officers lied under oath at trial, Bertino does
not point to the specific statements he claims are false, nor does he point to any evidence that
proves his allegations. Nevertheless, his claim that police officers lied under oath is essentially
an attack on the credibility of their trial testimony, which was properly evaluated and determined
by the jury. Because "assessments of . . . the credibility of witnesses are for the jury and not
grounds for reversal on appeal," Bertino's claim that police officers lied is not grounds for
reversal or a new trial. *See Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996).

With respect to Bertino's claim that defense counsel had a conflict of interest because
counsel improperly obtained and used information about Bertino's "accelerated rehabilitation"
hearing against him at trial, there is no indication that Bertino raised this claim below. *See
LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (deeming claims not raised on
appeal by a *pro se* litigant to be abandoned). In any event, the limited portion of the transcript
that Bertino ordered in this case reflects that defense counsel argued that Bertino's testimony at
trial was inconsistent with statements contained in an "accelerated rehabilitation report." Since
that report and the accompanying hearing transcript were Bertino's exhibits at trial—*i.e.*, entered
into evidence by him—Bertino cannot argue that defense counsel obtained or used the report or
hearing transcript improperly.

We have considered Bertino's remaining arguments on appeal and find them to be
without merit. For the foregoing reasons, the judgment of the district court is hereby
AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2